# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS VINES,<br>Petitioner,<br>vs.<br>WARDEN, FCI FORT DIX,<br>Respondent. | CASE NO. 4:25-CV-00272<br>JUDGE MICHAEL J. HENDERSHOT<br>MAGISTRATE JUDGE AMANDA M. KNAPP<br>**REPORT AND RECOMMENDATION** |

Petitioner Douglas Vines ("Petitioner" or "Mr. Vines") filed this habeas corpus action under 28 U.S.C. § 2241 on February 12, 2025, challenging the Bureau of Prisons ("BOP") determination that he was ineligible for First Step Act ("FSA") time credits under 18 U.S.C. § 3632(d).[1] (ECF Doc. 1 ("Petition").) Respondent filed a Return of Writ /Motion to Dismiss, arguing that Mr. Vines's claim lacks merit and requesting that the Court deny the Petition and dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF Doc. 5.) Petitioner filed his Traverse (ECF Doc. 8-1) and Respondent filed a Reply (ECF Doc. 10). The matter is briefed and ripe for review.

This matter has been referred to the undersigned Magistrate Judge for a report and recommendation. (ECF Doc. 3.) For the reasons set forth below, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (ECF Doc. 5) and **DISMISS** Mr. Vines's Petition (ECF Doc. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

[1] The Petition was docketed on February 12, 2025. (ECF Doc. 1.) "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The mailbox rule does not apply because Mr. Vines does not state when he placed his Petition in the prison mail system. (ECF Doc. 1, p. 9.)

## I. Background

### A. Petitioner's Convictions and Sentences

Respondent set forth the following summary of convictions relevant to Mr. Vines's Petition in his Return of Writ:

> On November 12, 2010, Vines was sentenced to 10 years imprisonment followed by three years of supervised release after he plead guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. (*See* J. in a Criminal Case, *United States v. Vines*, No. 1:05-cr- 00340-CCB (D. Md. Nov. 16, 2010), ECF No. 44, PageID # 1-2.) On July 20, 2015, while incarcerated in Pennsylvania, Vines attempted to obtain Suboxone, a Schedule III narcotic controlled substance. (*See* Information Mem., *United States v. Douglas Vines*, No. 3:17-cr- 00001-KRG (W.D. Pa. Jan. 3, 2017), ECF No. 2, PageID # 1-2.) Vines thereafter pled guilty to attempting to obtain contraband in prison in violation of 18 U.S.C. § 1791(a)(2). (*See* J. in a Criminal Case, *United States v. Vines*, No. 3:17-cr-0001-KRG (W.D. Pa. June 23, 2017), ECF No. 20, PageID # 2.) He was sentenced to nine months in prison to be served consecutive to his conspiracy to distribute heroin sentence followed by three years' supervised release to run concurrently to his heroin conspiracy sentence. (*Id.*)
>
> While on supervised release for his heroin conspiracy and attempting to obtain contraband in prison convictions, Vines was charged with distributing fentanyl through the U.S. Mail. (See Order of Detention Pending Trial, United States v. Vines, 1:21-cr-00323-CCB (D. Md. Aug. 26, 2021), ECF No. 10, PageID # 2.) Vines plead guilty to possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi), and on October 7, 2021, Vines was sentenced to six years[] in prison followed by four years of supervised release. (See J. in a Criminal Case, United States v. Douglas Vines, No. 1:21-cr-00323-CCB (D. Md. Oct. 7, 2021), ECF No. 16, PageID # 2-3; see also Declaration of Robert Jensen ("Jensen Decl.") at para. 3, attached hereto as Exhibit 2.) That same day, Vines admitted that he violated his supervised release for his heroin conspiracy conviction and was sentenced to six months imprisonment to run consecutively to his distribution of fentanyl case. (See J. in a Criminal Case, United States v. Vines, No. 1:05-cr-00340-CCB (D. Md. Oct. 7, 2021), ECF No. 60, PageID # 2.) Vines also admitted that he violated his supervised release related to his conviction for attempting to obtain contraband, and on February 16, 2022, he was sentenced to 18 months of imprisonment to run consecutively to his sentence for distribution of fentanyl. (See Am. J. Order, United States v. Vines, No. 3:17-cr-00001-KRG (W.D. Pa. Feb. 16, 2022) ECF No. 38, PageID # 1.) Vines' aggregate prison term is 83 months. (Jensen Decl. at para. 3.) Vines is currently incarcerated at FCI Elkton in the Northern District of Ohio. (Pet. ECF No.1, PageID # 1.)

(ECF Doc. 5, pp. 2-3 (footnote reflecting a subsequent reduction in Mr. Vines's October 7, 2021 sentence to 59 months omitted).) Mr. Vines does not dispute the foregoing summary, and affirmatively states that he was "convicted of possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi)."[2] (ECF Doc. 8-1, p. 2, ¶ 2.) But he states that he "was not determined to be an organizer, leader, manager, or supervisor of others in the offense within the meaning of USSG § 3B1.2." (ECF Doc. 8-1, p. 2, ¶ 2.)

### B. Petitioner's Habeas Petition

After Mr. Vines's requests for administrative remedies to correct his classification for FSA time credits (FTCs") from ineligible to eligible were denied (ECF Docs. 1-1, 1-2, 1-3, 1-4; *see also* ECF Doc. 5, pp. 3-4; ECF Doc. 5-2, p. 2, ¶ 6), Mr. Vines filed the present Petition, raising one ground for relief (ECF Doc. 1, pp. 6-7; ECF Doc. 1-5; ECF Doc. 8-1, p. 2, ¶ 1). In support, he alleges: "I am not excluded from participation in the FSA Credits program due to my offense of conviction." (ECF Doc. 1, p. 6.) He further asserts that he should "be deemed not to be disqualified from receiving First Step Act time credits ("FTCs") based on 18 U.S.C. § 3632(d)(4)(D)(lxviii) ("subsection lxviii")." (ECF Doc. 8-1, p. 2, ¶ 1 (emphasis removed).)

## II. Standard of Review

The Rules Governing Section 2254 Cases in the United States District Courts "may be applied to § 2241 petitions." *Hargrove v. Healy*, No. 4:23-CV-1857, 2024 WL 3992261, at *2 (N.D. Ohio Aug. 28, 2024) (citing Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts), *appeal dismissed,* 155 F.4th 530 (6th Cir. 2025), *cert. denied,* 146

---

[2] Mr. Vines's conviction for violations under 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi) was entered on October 7, 2021, in the United States District Court, District of Maryland. *See* United States v. Douglas Vines, No. 1:21-cr-00323-CCB (D. Md. Oct. 7, 2021), ECF No. 16, PageID # 2-3. The Court may take judicial notice of the District of Maryland proceedings and proceedings in other courts. *See United States v. Rolon*, 165 F.4th 1036, 1038 (6th Cir. 2026); *see also Woods v. United States*, No. 26-11862, 2026 WL 2111326, at *1 (E.D. Mich. July 22, 2026).

S. Ct. 2582, 224 L. Ed. 2d 498 (2026). Further, the "Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [those] [governing] rules, may be applied to a proceeding under these rules." *See* Rules Governing § 2254 Cases, Rule 12, 28 U.S.C.A. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates the filing of a motion in response to a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Respondent's motion to dismiss is therefore properly before this Court for review.

Under Rule 12(b)(6), the Court may dismiss a claim when a party fails to plead facts on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

This Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted). However, while "we must accept all well-pleaded factual allegations in the complaint as true, we need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court presented with a Rule 12(b)(6) motion "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long

as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 924 (N.D. Ohio 2009).

## III. Law and Analysis

### A. First Step Act Time Credits

Under the First Step Act passed by Congress at the end of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), "eligible individuals earn time off their sentence through credit for good conduct time and First Step Act credits." *Miah v. Boncher*, No. 4:25-CV-659, 2025 WL 2172286, at *1 (N.D. Ohio July 31, 2025); 18 U.S.C. § 3632(d)(4)(A). But the FSA identifies multiple offenses that disqualify an individual from being eligible to receive FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(i)-(lxviii); *see also Miah*, 2025 WL 2172286, at *1; *Pimentel v. Warden, F.C.I. Elkton*, No. 4:26CV1132, 2026 WL 2240153, at *1 (N.D. Ohio Aug. 4, 2026).

### B. Petitioner's Claim that He Was Improperly Denied FTCs Lacks Merit

In his sole ground for relief, Mr. Vines alleges: "I am not excluded from participation in the FSA Credits program due to my offense of conviction." (ECF Doc. 1, p. 6.) Specifically, he argues he should "be deemed not to be disqualified from receiving First Step Act time credits ("FTCs") based on 18 U.S.C. § 3632(d)(4)(D)(lxviii) ("subsection lxviii")." (ECF Doc. 8-1, p. 2, ¶ 1 (emphasis removed).) In so arguing, he admits that he was "convicted of possession of fentanyl with intent to distribute in violation 21 U.S.C. § 841(a) and 841 (b)(1)(B)(vi)" (*id.* at ¶ 2), and that "[18 U.S.C. §] 3632(d)(4)(D)(lxvi) ("subsection lxvi") excludes anyone who was sentenced under 21 U.S.C. §§ 841(b)(1)(A) or (b)(1)(B) for fentanyl distribution from earning FTCs" (*id.* at ¶ 3). But he argues that subsection lxvi should not apply to him because that subsection cannot be "harmonize[d]" with later subsection lxviii, which "excludes anyone who

was sentenced under 21 U.S.C. §§ 841(b)(1)(A) or (b)(1)(B) for fentanyl distribution from earning FTCs, but only if that person was a leader/organizer/manager/ supervisor under USSG § 3B1.2." (*Id.* at pp. 2-3, ¶¶ 3, 4 (emphasis removed) (footnote omitted).) Arguing subsection lxvi "would swallow subsection lxviii and thus render[] that other subsection surplusage," he asserts that only subsection lxviii should apply. (*Id.* at pp. 3-4, ¶ 5.) If only subsection lxviii applies, he argues he should not be deemed ineligible for FTC credits based on his conviction for possession of fentanyl with intent to distribute in violation of 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi) (ECF Doc. 8-1, pp. 7-9, ¶¶ 15-20) because he "was not determined to be an organizer, leader, manager, or supervisor of others in the offense within the meaning of USSG § 3B1.2" (*id.* at p. 2, ¶ 2).

Respondent argues that Mr. Vines's Petition should be dismissed because he is serving an aggregate sentence that includes two disqualifying offenses under 18 U.S.C. § 3632(d)(4)(D), a fentanyl conviction that disqualifies him under subsection lxvi and a conviction for attempting to obtain contraband in prison that disqualifies him under subsection xxix. (ECF Doc. 5; ECF Doc. 10.) Respondent also argues that there is no ambiguity between subsections lxvi and lxviii because the two subsections apply to different classes of offenders. (ECF Doc. 10, p. 3.)

For the reasons explained below, the undersigned finds that Mr. Vines is disqualified from earning FTCs under 18 U.S.C. § 3632(d)(4)(D)(lxvi).

### 1. Mr. Vines's Conviction Under 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi) Disqualifies Him from Earning FTCs under 18 U.S.C. § 3632(d)(4)(D)(lxvi)

Under 18 U.S.C. § 3632(d)(4)(D), "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under" one of the listed offenses, which includes a conviction under 21 U.S.C. § 841(b)(1)(B)(vi). *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). Specifically, subsection lxvi disqualifies an inmate from receiving FTCs if the inmate is serving a sentence for a conviction under:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

*Id.* Here, Petitioner concedes that he was "convicted of possession of fentanyl with intent to distribute in violation of 21 § U.S.C. § 841(a) and 841(b)(1)(B)(vi)." (ECF Doc. 8-1, p. 2, ¶ 2.) He also acknowledges that "18 U.S.C. § 3632(d)(4)(D)(lxvi) . . . excludes anyone who was sentenced under 21 U.S.C. §§ 841(b)(1)(A) or (b)(1)(B) for fentanyl distribution from earning FTCs." (*Id.* at p. 2, ¶ 3.) The undersigned agrees.

Therefore, consistent with other courts, the undersigned concludes that Petitioner's conviction under 21 U.S.C. § 841(a) and 841(b)(1)(B)(vi) falls within the clear language of subsection lxvi and makes him ineligible for FTCs.[3] *See, e.g., Rutherford v. Rardin*, No. 25-CV-11649, 2026 WL 867501, at *2 (E.D. Mich. Mar. 30, 2026) (finding a conviction for an offense covered by "the clear language" of subsection lxvi made the petitioner "ineligible to receive FSA credits"); *Gonzalez v. Eischen*, No. 24-CV-3740 (LMP/LIB), 2024 WL 4884485, at *1 (D. Minn. Oct. 17, 2024) (finding a different subsection was "precisely the offense to which Petitioner pleaded guilty" and that the "FSA could not be clearer: the BOP [wa]s statutorily precluded from awarding FTCs to Petitioner"), *report and recommendation adopted,* No. 24-CV-3740 (LMP/LIB), 2024 WL 4882737 (D. Minn. Nov. 25, 2024).

The undersigned therefore turns to Petitioner's argument that he remains eligible for FTCs under subsection lxviii because subsection lxvi does not apply in this case.

[3] Because the undersigned finds Mr. Vines ineligible to earn FTCs based on his conviction under 21 U.S.C. § 841(b)(1)(B)(vi), this Court need not address Respondent's argument that Mr. Vines is also disqualified from earning FTCs under subsection xxix based on his conviction for attempting to obtain contraband in prison.

**2. The Rule of Lenity Does Not Apply**

Because subsections lxvi and lxviii of § 3632(d)(4)(D) both "describe fentanyl drug trafficking offenses" under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), Mr. Vines argues that the "rule of lenity" indicates only subsection lxviii—"the less restrictive limitation on liberty"—should be applied in this case to assess whether Mr. Vines is eligible for FTCs. (ECF Doc. 1-5, pp. 2-4; ECF Doc. 8-1, pp. 7-9.) In opposition, Respondent contends that Mr. Vines has failed to identify an ambiguity that warrants application of the rule of lenity. (ECF Doc. 10, p. 3.)

Under the rule of lenity, a court "will not interpret a federal statute so as to increase the penalty it places on an individual when such an interpretation can be no more than a guess as to what Congress intended." *United States v. Galaviz*, 645 F.3d 347, 361-62 (6th Cir. 2011). The rule applies "to interpretations of the substantive ambit of criminal prohibitions, . . . [and] to the penalties they impose." *Bifulco v. United States*, 447 U.S. 381, 387 (1980). But it "only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (internal quotations and citations omitted).

Here, the record does not support Petitioner's assertion that there is "a grievous ambiguity or uncertainty" sufficient to support application of the rule of lenity. As Respondent argues, the clear language of subsections lxvi and lxviii reflect that they "apply to different classes of offenders and convictions." (ECF Doc. 10, p. 3.) For example, subsection lxvi applies to convictions under 21 U.S.C. § 841(b)(1)(B)(vi) for possession with intent to distribute "40 grams or more of a mixture or substance containing" fentanyl or "10 grams of more of mixture

containing" any analogue of fentanyl.[4] *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi); 21 U.S.C. § 841(b)(1)(B)(vi). In contrast, subsection lxviii applies more expansively to convictions under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), including convictions relating to controlled substances other than fentanyl and its analogues, but only where the individual was found by a sentencing court to be an organizer, leader, manager, or supervisor of others in the offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lxviii); 21 U.S.C. § 841(b)(1)(B)(i)-(viii). Thus, while subsection lxvi targets individuals who traffic in fentanyl and its analogues, subsection lxviii targets individuals who hold leadership roles in the trafficking of a broader range of controlled substances. Accordingly, like other courts, the undersigned concludes that there is no statutory ambiguity to preclude application of subsection lxvi in this case. *See, e.g.*, *Woods v. United States*, No. 26-11862, 2026 WL 2111326, at *3 (E.D. Mich. July 22, 2026); *Gonzalez*, 2024 WL 4884485, at *1 n. 2.

Having found there is no ambiguity that requires this Court to guess at what Congress intended, the undersigned concludes there is no basis to apply the rule of lenity.[5] *See Barber*, 560 U.S. at 488 ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.") (internal quotations and citations omitted). Accordingly, the undersigned concludes that Mr. Vines's sole claim for relief lacks merit.

---

[4] 18 U.S.C. § 3632(d)(4)(D)(lxvi) also applies to a conviction under 21 U.S.C. § 841(b)(1)(A)(vi) for possession with intent to distribute and distribution of "400 grams or more of a mixture or substance containing" fentanyl or "100 grams or more of a mixture or substance containing" any analogue of fentanyl.

[5] Because the undersigned found no statutory ambiguity to support application of the rule of lenity, the Court need not address Respondent's additional argument that 18 U.S.C. § 3632(d)(4)(D) is not criminal penalty statute.

## IV. Recommendation

For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (ECF Doc. 5) and **DISMISS** Mr. Vines's Petition (ECF Doc. 1) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

November 17, 2026

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).